Charles L. Robinson, CPA, CFE Legislative Auditor Division of Legislative Audit 172 State Capitol Little Rock, AR 72201-1099
Dear Mr. Robinson:
I am writing in response to your request for my opinion regarding the disposition of certain property in connection with the dissolution of the Ashley County Board of Education pursuant to Act 1078 of 1999, which is codified at A.C.A. § 6-12-114 (Repl. 1999). You report the following:
 The Ashley County Board of Education discontinued operations on June 30, 2000 pursuant to Ark. Code Ann. 6-12-114. Our examination disclosed the following:
 The Board on June 7, 2000, passed a motion to give the County Board Designee additional compensation of one-half (91/2) the remaining funds in the County Board of Education Fund and Common School Fund, and one-half (1/2) of the gross proceeds from the sale of a building. Based on the Designee's calculation, she was paid $12,197.01 from the remaining funds in the County Board of Education Fund and the Common School Fund, and $18,400.88 from the sale of the building.
 On May 23, 2000, the Board passed a motion to give a computer that was purchased on August 11, 1999 at a cost of $967.37, to the County Board Designee.
 Arkansas Code Annotated 6-12-114(b) and (c) relate to the disposition of property and funds, and the payment of legal debts by a county board of education. It appears that all funds are to be used for the payment of legal debts and obligations of the county board of education, with any remaining funds or property ultimately reverts [sic] to the school districts of the county.
Against this backdrop, you have posed the following questions:
 1. Prior to dissolution, may the Ashley County Board of Education grant additional compensation to the County Board Designee of one-half (1/2) the remaining funds in the County Board of Education Fund and Common School Fund, and one-half (1/2) of the gross proceeds from the sale of a building?
 2. Prior to dissolution, may the Ashley County Board of Education give a computer to the County Board Designee?
I gather from your request that the Ashley County Board of Education's decision to award the designee additional compensation was discretionary and not dictated by contract.[1]
RESPONSE
In my opinion, the answer to both of your questions is "no."
Question 1: — Prior to dissolution, may the Ashley County Board ofEducation grant additional compensation to the County Board Designee ofone-half (1/2) the remaining funds in the County Board of Education Fundand Common School Fund, and one-half (1/2) of the gross proceeds from thesale of a building?
As you suggest in your request, the answer to your question is contained in A.C.A. § 6-12-114, which relates to the dissolution of county boards of education:
 (a)(1) Prior to July 1, 2000, all county boards of education, county board of education designees, and county school supervisors shall transfer all records, written or electronic, to either the respective county clerk, respective county quorum court, the State Board of Workforce Education and Career Opportunities, the Department of Workforce Education, the State Board of Education, or the Department of Education, whichever may be appropriate.
 (2)(A) If a county had a full-time county school supervisor or county board of education designee on January 1, 1999, who was not employed more than fifty percent (50%) of the time in other employment or duties other than as county school supervisor or county board of education designee, then that individual may continue acting as county school supervisor or county board of education designee with all the duties, responsibilities, and rights appertaining until such time that said individual leaves such position.
 (B) If subdivision (a)(2)(A) of this section controls, then the county board of education shall also exist until such time that the office is dissolved under subdivision (a)(2)(A).
 (C) If subdivision (a)(2)(A) of this section controls, it is the intent of the General Assembly that the funding of the county board of education, as it existed on or before January 1, 1999, shall continue until such time that the office is dissolved under subdivision (a)(2)(A).
 (b)(1)(A) Any and all funds received via an award or grant under the control of the county board of education, the county board of education designee, or the county school supervisor which use is restricted by the terms of the award or grant under which the moneys were received shall revert to the agency which awarded the funds unless otherwise specified in the terms of the award or grant.
 (B) Any and all funds under the control of any county board of education, county board of education designee, or county school supervisor shall first be used to satisfy all legal debts and obligations of the county board of education.
 (2) Any and all funds above under the control of any county board of education, county board of education designee, or county school supervisor remaining after the implementation of subdivision (b) (1) of this section shall revert to the common or general school fund of the respective county for redistribution to the school districts domiciled in that county in accordance with existing law.
 (c)(1) Any and all real and personal property belonging to the county board of education shall first be sold at public auction if after the implementation of subdivision (b)(1) of this section, there are still legal debts and obligations. If any excess moneys from such an auction exist after the payments of legal debts and obligations, those excess moneys shall be distributed according to subdivision (b)(2) of this section.
 (2) If no legal debts or obligations exist after the implementation of subdivision (b)(1) of this section, any and all real and personal property of the county board of education shall become the property of the local school district which contains the county seat of government until such time that all school districts domiciled in the county have entered into a written agreement as to the disposition of the real and personal property of the county board of education. Such written agreement must be finalized within twelve months after July 1, 2000.
 (d) The provisions in subdivisions (a)(1), (b)(1), (b)(2), (c)(1) and (c)(2) of this section shall not include or apply to any funds, written or electronic records, real or personal property, or both, belonging to or purchased with funding for adult education programs or general educational development testing centers supported through state or federal adult education funds, or both. All such funds, written or electronic records, real or personal property, or both, including applicable real estate titles, will be transferred to the State Board of Workforce Education and Career Opportunities or any eligible entity approved by the board.
Subsections (b), (c) and (d) of this statute provide the answer to your question. Subsection (b) mandates that a county board of education, in the course of dissolving itself pursuant to the statute, return any restricted grant money to the granting agency, satisfy any existing legal debts and obligations, and deposit any remaining amounts in the common or general school fund for pro rata distribution among the county's school districts. Subsection (c)(1) provides that if the board of education has legal debts and obligations, any real and personal property belonging to the district will be publicly auctioned and the proceeds used to discharge the debts, with the remainder to be distributed among the county's school districts. Subsection (c)(2) provides that if the board has no debts, its real and personal property will be conveyed to the school district that includes the county seat, with the property to be subsequently divided by agreement among the county's school districts. Finally, subsection (d) provides that assets acquired to support adult education will be conveyed to the State Board of Workforce Education and Career Opportunities "or any eligible entity approved by the board."
What is perhaps most striking about this statute is the mandatory nature of its prescriptions as to how a board of education will distribute its funds upon dissolution. The only discretion afforded a board is in determining what entity will receive assets acquired to support adult education, and I am informed that the term "any eligible entity" in subsection (d) refers only to two-year institutions and school districts that offer adult education courses. See A.C.A. § 6-16-309 ("The State of Arkansas and school districts are authorized to spend available tax funds for adult education below college level."). Conspicuously absent in the statute is any suggestion that a board might expend funds realized from the sale of real estate — or, for that matter, from any other source — to supplement a county board of education's designee's compensation.[2]
Accordingly, I believe the Ashley County Board of Education was unauthorized to make the distributions at issue.
Question 2: Prior to dissolution, may the Ashley County Board of Education give a computer to the County Board Designee?
For the reasons set forth in my response to your first question, I believe this question must be answered in the negative. Subsection (c) of A.C.A. § 6-12-114 is absolutely unequivocal in declaring that any dissolving board of education's personalty or assets remaining from the sale of personalty after all debts are discharged must be conveyed to the county's school districts. Giving a computer to a dissolving board of education's designee is flatly inconsistent with this mandate.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
[1] The facts as you recite them strongly support this conclusion. It strains credulity to suggest that the board would have contractually obligated itself in the past to award the designee precisely one half of revenues on hand at the time of dissolution plus an as yet unpurchased computer. Moreover, the board would not need to have passed a motion to fulfill a contractual obligation to one of its employees.
[2] For your information, I am enclosing Ark. Op. Att'y Gen. No.2000-061, in which I discuss the circumstances attending the enactment of A.C.A. § 6-12-114 and the role of a county board of education's designee.